IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PETER J. PELLETIER, | § | |
| | § | No. 43, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2012007795(S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 23, 2024
Decided: April 4, 2024

Before **SEITZ**, Chief Justice, **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1) The appellant, Peter J. Pelletier, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Pelletier's opening brief that his appeal is without merit. We agree and affirm.

(2) In March 2021, Pelletier was charged by information with driving under the influence ("DUI"), driving with a suspended or revoked license, and failing to have the required minimum insurance. On October 27, 2021, Pelletier

pleaded guilty to seventh-offense DUI in exchange for the State entering a *nolle prosequi* on the remaining charges. The Superior Court immediately sentenced Pelletier to fifteen years of Level V incarceration, suspended after thirty months and successful completion of a treatment program for eighteen months of Level III probation. The sentencing order also required Pelletier maintain at least ninety consecutive days of sobriety with an alcohol monitoring device determined by Probation and Parole or through breath or urine analysis. Pelletier did not appeal.

(3) On September 18, 2023, Pelletier was released from Level V incarceration. On October 27, 2023, the Department of Correction ("DOC") filed violation of conditional release and VOP reports for Pelletier. The reports alleged that Pelletier had failed to report for weekly visits with his probation officer on October 17, 2023 and October 24, 2023, failed to provide DOC with accurate information concerning where he was staying, and made it impossible for DOC to determine whether he was maintaining ninety consecutive days of sobriety.

(4) After a hearing on January 12, 2024, the Superior Court dismissed the violation of conditional release and found that Pelletier had violated his probation. For the VOP, the Superior Court sentenced Pelletier to twelve years of Level V incarceration, suspended after one year for six months of Level IV DOC discretion, three months of Level III probation with GPS monitoring, and nine months of Level III probation. This appeal followed.

2

(5) In his opening brief, Pelletier admits that he violated his probation by missing visits with his probation officer, but contends that the sentence imposed was excessive for what he describes as a "technical" VOP. He requests a ninety-day reduction in the unsuspended Level V time and removal of the Level IV time from his sentence.

(6) This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[1] When the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[2]

(7) Once Pelletier committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[3] Pelletier's VOP sentence—twelve years of Level V incarceration suspended after one year for decreasing levels of supervision—does not exceed the Level V time remaining on his sentence for seventh-offense DUI. Pelletier has not identified anything to suggest that the VOP sentence was based on factual predicates that are false, impermissible, or lack minimal reliability, judicial

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[2] *Id.*
[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

vindictiveness or bias, or a closed mind. It is manifest on the face of Pelletier's opening brief that his appeal is without merit.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice